## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:24-cr-00320-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1. DERRICK PATRICK BERNARD, JR.,
          a/k/a "Phoenixx Ugrilla,"

    2. ASHLEY DANIELLE BLACKCLOUD,
          a/k/a Ashley Hernandez, a/k/a "Trinity Black Cloud,"

    3. DEANNA CRYSTAL WEST,
          a/k/a "Vital Sweetz," a/k/a "Sage West,"

      Defendants.

---

## MOTION FOR A PROTECTIVE ORDER

---

      The United States of America, by and through Matthew T. Kirsch, Acting United States Attorney for the District of Colorado, and Bryan Fields and Rebecca Weber, Assistant United States Attorneys, hereby moves pursuant to Federal Rule of Criminal Procedure 16(d) for the entry of a protective order as it relates to Government discovery in this matter. In support, the Government states as follows:

      1.    The indictment in this case charges the defendants with using instrumentalities of interstate commerce to maliciously convey false information about an attempt being made to intimidate someone by means of fire and conspiring

to do the same.  The charges are based on allegations that the defendants staged a cross burning in front of a campaign sign defaced with a racial slur. The incident occurred during the run-off election for mayor of Colorado Springs. The candidate identified in the campaign sign was Black.

2.    The government seeks to provide discovery to each of the defendants in this case as soon as possible, including certain materials to which the defendants would not normally be entitled to at this stage of the proceedings (such as *Jencks* Act material governed by 18 U.S.C. § 3500). Among other things, the discovery contains information from personal cell phones, email accounts, statements from victims and witnesses, personal financial information and other confidential personal information, including dates of birth, social security numbers, addresses, email address telephone numbers, and other personal identifying information covered by Federal Rule of Criminal Procedure 49.1.  The government also seeks to provide materials obtained through search warrants and other legal process.

3.    The Court may, for good cause, enter a protective order governing or restricting discovery or inspection.  Fed. R. Crim. P. 16(d)(1); *see also United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) ("[A] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they be entitled to inspect) (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969).  Courts regularly do so "to 'expedite the flow of discovery' in cases involving a large amount of sensitive

information." *See, e.g., United States v. Rafaela-Ramirez*, 2009 WL 1537648, at *1 (D. Colo. May 29, 2009). When seeking a protective order, the Government must establish good cause. Fed. R. Crim. P. 16(d)(1). Good cause exists here because issuing the proposed order would expedite the flow of discovery in this case, give the defendants prompt access to a large portion of the discovery they will ultimately receive, and protect the highly sensitive categories of material described above. *See Rafaela-Ramirez*, 2009 WL 1537648, at *1.

4.     The government's proposed protective order is consistent with orders that are commonly used in this District and is not overly restrictive. It allows the defendants prompt and effective use of discovery materials in connection with their defense, including by showing discovery material to witnesses who also agree to abide by the order's terms. All the proposed order seeks to prevent is the improper distribution or use of discovery materials, including to the public. That restriction is important in this case because the defendants have previously issued public statements on social medial platforms regarding witnesses, judges, attorneys and others associated with legal matters pending against them. *See, e.g.,* Derrick Bernard, *dear yemi*, YouTube, https://www.youtube.com/watch?v=jt2ZxB6uvGo. If the defendants were to begin issuing public posts using details obtained in discovery here, it could have a harmful chilling effect on witnesses or adversely affect the fair administration of justice in this case. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1070 (1991) ("The outcome of a criminal trial is to be decided by impartial

jurors who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding.  Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial . . . .obviously threaten to undermine this basic tent.”); *United States v. Aiken*, 76 F. Supp. 2d (S.D. Fl. 1999) (“Where the government has reason to believe that the defendant may make improper attempts to influence a government witness before trial, it can seek a Rule 16(d)(1) protective order.”)

5.     The protective order in this case is also appropriate because it can be modified at any time. Fed. R. Crim. P. 16(d)(1). Issuing the order now will expedite the flow of discovery so that this matter can proceed promptly.  Once they have received the actual discovery the defendants will be in a better position to assess and justify whether to seek a modification of the protective and, if so, for what purpose.

6.     Based on Rule 16(d)(1), the Government now requests, based on good cause shown, a Protective Order with the below provisions. Here, the Government requests that the following requirements apply to the Government’s discovery previously provided in this matter, as well as to any future discovery which will be provided as part of the Government’s continuing duty to disclose. Specifically, the Government requests that:

a.     The Government discovery produced to the defendant may be disclosed only to defense counsel and their staff, the defendant (subject to the

conditions set forth in paragraph c.), and any retained defense experts (subject to the conditions set forth below). Those persons shall keep the discovery in strict confidence and may use the discovery exclusively in connection with this case, and for no other purpose.

b.    Counsel shall ensure that all persons who receive the discovery are provided a copy of and read the Court's order and are informed of their responsibility to safeguard the information and to protect it from further dissemination.

c.    Counsel may provide Defendant with a copy of some or all of the discovery materials as necessary, and counsel shall further instruct the client not to make any additional copies of these materials.

d.    At the conclusion of this case, all Government discovery that was not entered in the record at hearings or trial through testimony or exhibits, and which is unnecessary to the maintenance of the record of the proceeding, shall be destroyed or returned to the source from which it was originally obtained.

e.    Also at the conclusion of this case, defense counsel will collect the Government discovery from all authorized persons to whom that information has been disclosed and shall destroy it.

f.    Nothing in the order shall prevent any party from seeking modification of the order or from objecting to discovery that it believes to be

otherwise improper.

7.     The government has consulted with counsel for each of the defendants to determine their position on this motion. Defendants Blackcloud and West do not oppose the order. Defendant Bernard does not oppose a protective order with respect to confidential personal identifying information, but does oppose the other proposed restrictions in the protective order.

By: _s/Bryan Fields_                         By: _s/Rebecca Weber_             
Bryan Fields                                      Rebecca Weber
Assistant United States Attorney       Assistant United States Attorney
U.S. Attorney's Office                      U.S. Attorney's Office
1801 California St. Suite 1600         1801 California St. Suite 1600
Denver, CO 80202                        Denver, CO 80202
(303) 454-0100                           (303) 454-0100
Bryan.Fields3@usdoj.gov            Rebecca.Weber@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

_/s/ Bryan Fields_
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office