IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:24-cr-00320-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DERRICK PATRICK BERNARD, JR.,

    Defendant.

---

### UNOPPOSED MOTION FOR EXTENSION OF ONE-WEEK TO FILE PRETRIAL MOTIONS

---

Defendant, Derrick Patrick Bernard, Jr., by and through counsel, files this motion requesting the Court extend the previous deadline of February 10, 2025, for the filing of his pretrial motions by one-week to February 18, 2025. As grounds for this motion, Mr. Bernard states as follows:

#### CERTIFICATION PURSUANT TO D.C.COLO. LCIVR. 7.1

Counsel for Defendant certifies that he conferred with counsel for the United States, who does not oppose do the requested relief.

#### FACTS AND PROCEDURAL HISTORY

1. Undersigned counsel entered his appearance in this case on November 26, 2024 (ECF No. 49) and has diligently pursued preparation of pretrial motions while managing concurrent trial obligations in other federal matters.

2. The volume and complexity of discovery in this matter has necessitated extensive review

and analysis. The government has produced approximately 10,000 plus pages (not including naïve data) of documentary evidence, including complex financial records, electronic communications, and surveillance materials that require careful examination to identify potential grounds for suppression or other pretrial relief.

3. Counsel's concurrent obligations in other federal matters have impacted the time available for comprehensive pretrial preparation in this case. Specifically:

   a. Counsel was engaged in trial for Federal Case No. 1:24-cr-00110-DDD from November 18 to November 22, 2024, which resulted in a hung jury;

   b. Counsel was subsequently required to prepare for and conduct a retrial in the same matter from January 27 to January 31, 2025;

   c. These trial obligations have substantially limited counsel's ability to conduct the necessary in-depth analysis of discovery materials and to confer adequately with Mr. Bernard regarding potential pretrial motions.

4. The ongoing discovery productions in this matter further underscore the substantial burden placed on defense counsel's preparation efforts. The government has made no fewer than six separate discovery productions spanning approximately eight weeks, including: the initial production on November 21, 2024; four supplemental productions in December 2024 (December 6, December 10, and December 26); and two additional supplemental productions in January 2025 (January 13 and January 15). *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (recognizing that the "volume of discovery" and "time necessary for both the prosecution and defense to effectively prepare" are relevant factors in continuance determinations). The rolling

2

nature of these productions has necessitated multiple comprehensive reviews of the materials to identify potential grounds for pretrial motions, evaluate the interrelationships between newly disclosed evidence and previously produced materials, and assess the cumulative impact on potential defense strategies. See *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987) (acknowledging that the complexity of a case and the time needed for preparation are appropriate considerations for extending deadlines)The temporal proximity of the most recent productions and recent trial to the current motions deadline of February 10, 2025—with the latest supplemental production occurring barely three weeks prior—has materially impaired counsel's ability to conduct the requisite thorough analysis and meaningful consultation with Mr. Bernard regarding the strategic implications of potential pretrial motions.

5. The requested extension is necessary to ensure Mr. Bernard's Sixth Amendment right to effective assistance of counsel and to protect his due process interests in having adequate time for preparation of his defense. See *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147-48 (2006) (emphasizing the fundamental nature of the right to effective assistance of counsel).

6. The current pretrial motions deadline of February 10, 2025, does not provide sufficient time for counsel to:

    a. Complete a comprehensive review of all discovery materials;

    b. Conduct necessary legal research regarding potential constitutional and procedural challenges;

    c. Engage in meaningful consultation with Mr. Bernard regarding the strategic implications of potential motions;

    d. Draft and refine motions that adequately present complex legal and factual arguments.

7. The requested one-week extension to February 18, 2025, will not prejudice any party or significantly impact the current trial date of March 17, 2025. The government has indicated it does not oppose this request.

8. The interests of justice and judicial efficiency are best served by allowing adequate time for preparation of thorough and well-researched pretrial motions, rather than requiring rushed submissions that may necessitate subsequent amendments or supplementation.

9. This request is made in good faith and not for purposes of delay. The additional time sought is reasonable and necessary given the complexity of the case and counsel's obligations in other matters.

WHEREFORE, Mr. Bernard requests the Court to extend the previous deadline of February 10, 2025, for the filing of his pretrial motions by one-week to February 18, 2025.

Respectfully submitted this February 6, 2025.

TYRONE GLOVER LAW, LLC

s/ A. Tyrone Glover
A. Tyrone Glover #41529
TYRONE GLOVER LAW, LLC
2590 Walnut Street
Denver, CO 80205
tyrone@tyroneglover.com
Phone: 303-577-1655

*Counsel for Defendant Derrick Patrick Bernard*

**CERTIFICATE OF SERVICE**

I certify that on February 6, 2025, I electronically filed the foregoing **UNOPPOSED MOTION FOR EXTENSION OF ONE-WEEK TO FILE PRETRIAL MOTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the United States Attorney assigned to this matter.

*s/ A. Tyrone Glover*
A. Tyrone Glover

5