## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.   24-cr-00320-RMR

UNITED STATES OF AMERICA,

     Plaintiff,

v.

   1. DERRICK PATRICK BERNARD, JR. and

   2. ASHLEY DANIELLE BLACKCLOUD,

     Defendants.

---

## STIPULATED PROPOSED JOINT JURY INSTRUCTIONS

---

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the attached instructions in its charge to the jury. The parties request leave to offer additional instructions, or to amend their proposed instruction should a special need arise after these instructions are submitted.    The parties also jointly stipulate to the proposed verdict form included herein.

- The defendants would like Proposed Instruction 15 read both before the testimony of a cooperating defendant and before the jury deliberates.

- The defendants object to a copy of the Indictment being presented to the jury.

Other portions that may or may not be used, depending on the circumstances of trial, are also highlighted and set off in brackets.

Respectfully submitted this 14th day of May, 2025.

J. BISHOP GREWELL
Acting United States Attorney

By:      */s Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:      */s Candyce Cline*
Candyce Cline
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Candyce.Cline@usdoj.gov
Attorney for the Government

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record

By:     */s Bryan Fields*
        Bryan Fields
        Assistant United States
        Attorney
        U.S. Attorney's Office
        1801 California St. Suite 1600
        Denver, CO 80202
        (303) 454-0100
        Bryan.Fields3@usdoj.gov
        Attorney for the Government

# TABLE OF CONTENTS

PART 1:   GENERAL INSTUCTIONS & EVIDENTIARY CONSIDERATIONS ....... 3

JOINT INSTRUCTION NO. 1: STATEMENT OF THE CASE .............................. 3

JOINT INSTRUCTION NO. 2: INTRODUCTION TO FINAL INSTRUCTIONS .. 5

JOINT INSTRUCTION NO. 3: JURORS' DUTIES ................................................. 6

JOINT INSTRUCTION NO. 4: PRESUMPTION OF INNOCENCE — BURDEN OF PROOF — REASONABLE DOUBT .................................................................. 7

JOINT INSTRUCTION NO. 5: EVIDENCE—DEFINED ....................................... 8

JOINT INSTRUCTION NO. 6:   DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................................................................................................... 9

JOINT INSTRUCTION NO. 7: STIPULATIONS ................................................... 10

JOINT INSTRUCTION NO. 8: NUMBER OF WITNESSES ................................ 11

JOINT INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES ........................ 12

JOINT INSTRUCTION NO. 10: EXPERT WITNESS .......................................... 14

JOINT INSTRUCTION NO. 11: CONSIDER ONLY CRIME CHARGED ............ 15

JOINT INSTRUCTION NO. 12: CAUTION—PUNISHMENT ............................. 16

JOINT INSTRUCTION NO. 13: INDICTMENT NOT EVIDENCE ..................... 17

JOINT INSTRUCTION NO. 14: VOLUNTARINESS OF STATEMENT BY DEFENDANT ........................................................................................................... 18

JOINT INSTRUCTION NO. 15: ACCOMPLICE—CO-PARTICIPANT—PLEA AGREEMENT .......................................................................................................... 19

JOINT INSTRUCTION NO. 16: MULTIPLE DEFENDANTS—MULTIPLE COUNTS .................................................................................................................. 20

PART II: ELEMENTS OF CRIMES CHARGED ...................................................... 21

JOINT INSTRUCTION NO. 17: CONSPIRACY .................................................. 22

JOINT INSTRUCTION NO. 18 CONSPIRACY — AGREEMENT & INTERDEPENDENCE DEFINED ........................................................................ 24

JOINT INSTRUCTION NO. 21: AIDING AND ABETTING ............................... 30

JOINT INSTRUCTION NO. 22 PROOF OF KNOWLEDGE OR INTENT; ACTIONS DONE MALICIOUSLY; WILLFULNESS ............................................ 32

PART III: DELIBERATION AND JURY FORM ...................................................... 34

JOINT INSTRUCTION NO. 23: DUTY TO DELIBERATE .................................. 35

JOINT INSTRUCTION NO. 24: UNANIMITY OF THEORY .............................. 37

JOINT INSTRUCTION NO. 25: COMMUNICATION WITH THE COURT ........ 38

PART IV:   THE INDICTMENT ................................................................. 39

INSTRUCTION NO. 24: THE INDICTMENT ....................................... 39

COUNT 1 ................................................................................................. 39

Background ............................................................................................ 39

The Conspiracy to Maliciously Spread Disinformation About a Cross Burning ... 39

The Purpose of the Conspiracy ............................................................... 40

The Manner and Means By Which the Conspiracy was Carried Out ................... 40

Overt Acts in Furtherance of the Conspiracy ........................................ 43

COUNT 2 ................................................................................................. 49

JOINT PROPOSED VERDICT FORM .................................................... 50

## PART 1: GENERAL INSTUCTIONS & EVIDENTIARY CONSIDERATIONS

## JOINT INSTRUCTION NO. 1:
## STATEMENT OF THE CASE

This case centers on an email sent from a google account to various people and organizations in Colorado Springs, Denver and elsewhere that included a photograph of a burning cross in front of a campaign sign defaced with a racial slur. Defendants Derrick Patrick Bernard, Jr. and Ashley Danielle Blackcloud are accused in an Indictment of conspiring with each other and others to use an instrument of interstate commerce to willfully make a threat or to maliciously convey false information, knowing the same to be false, concerning an attempt or alleged attempt being made to kill, injure, or intimidate an individual by means of fire in violation of 18 U.S.C § 371. They are also accused of the separate crime of actually using the instrument of interstate commerce to make the threat or to maliciously convey false information about it in violation of 18 U.S.C. § 844(e). The government contends that the burning cross in front of a campaign sign defaced with a racial slur was a True Threat against the candidate named on the campaign sign that is not protected by the constitution, and that the email about the burning cross contained maliciously false information. The defendants have pleaded Not Guilty to the charges and are presumed innocent unless the prosecution can prove them guilty beyond a reasonable doubt, including that the prosecution must prove beyond a reasonable doubt that each defendant was involved in a cross burning and sending out an email; and, it must prove beyond a reasonable doubt that the defendants willfully meant the cross

burning not as political hyperbole or political theater but rather, for Candidate 1 to fear a real possibility that violence would follow.

STIPULATED

## JOINT INSTRUCTION NO. 2:
## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges, you are the other.   I am the judge of the law.   You, as jurors, are the judges of the facts.   I presided over the trial and decided what evidence was proper for your consideration.

It is also my duty, now, at the end of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.

Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

## <u>Authority</u>

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.03 (Feb. 7, 2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

## JOINT INSTRUCTION NO. 3:
## JURORS' DUTIES

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

### Authority

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.04 (Feb. 7, 2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

**JOINT INSTRUCTION NO. 4:**
**PRESUMPTION OF INNOCENCE — BURDEN OF PROOF —**
**REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.05 (Feb. 7, 2025 ed).

## JOINT INSTRUCTION NO. 5:
## EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers or parties wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

### Authority

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.06 (2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

**JOINT INSTRUCTION NO. 6:**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accordance with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from the facts which have been proven.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

### Authority

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.07 (2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

**JOINT INSTRUCTION NO. 7:**
**STIPULATIONS**

The evidence in this case consists of not only the sworn testimony of the witnesses but also facts that have been agreed to or stipulated. When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

In this case, the parties stipulated as follows:

[].

**<u>Authority</u>**

STIPULATED. Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

**JOINT INSTRUCTION NO. 8:**
**NUMBER OF WITNESSES**

The number of witnesses testifying for or against a certain fact does not, by itself, prove or disprove that fact.

## **Authority**

STIPULATED.   Model Criminal Jury Instructions Committee, Colorado Supreme Court, E04 (2020 Ed.)

## JOINT INSTRUCTION NO. 9:
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, [including the defendant], who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either the government or the defense?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which the witness testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and their credibility evaluated in the same way as that of any other witness.]

OR

[The defendant did not testify and I remind you that you cannot consider their decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country; it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## Authority

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.08 (Feb. 7, 2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

**JOINT INSTRUCTION NO. 10:**
**EXPERT WITNESS**

During the trial you heard the testimony of the following expert witnesses:

- Special Agent Maureen Gibson, FBI Cellular Analysis Survey Team

- Marcy Plaza, FBI Biologist – Forensic Examiner

- David A. McCollam, FBI Forensic Examiner – Chemist

- Diana M. Wright, FBI Forensic Examiner – Chemist

- Christopher Iber, FBI Forensic Examiner – Questioned Photographic Evidence

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

## <u>Authority</u>

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.17 (Feb. 7, 2025 ed.).

# JOINT INSTRUCTION NO. 11:
## CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

## **Authority**

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.19 (Feb. 7, 2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson,* 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

**JOINT INSTRUCTION NO. 12:**
**CAUTION—PUNISHMENT**

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

### <u>Authority</u>

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.20 (Feb. 7, 2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

**JOINT INSTRUCTION NO. 13:**
**INDICTMENT NOT EVIDENCE**

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. Derrick Patrick Bernard, Jr. and Ashley Danielle Blackcloud are presumed to be innocent of the crimes charged.

Derrick Patrick Bernard, Jr. has pleaded "Not Guilty" to the Indictment. Therefore, he denies being guilty of the charges contained in the Indictment.

Ashley Danielle Blackcloud has pleaded "Not Guilty" to the Indictment. Therefore, she denies being guilty of the charges contained in the Indictment.

## <u>Authority</u>

STIPULATED. 1A Fed. Jury Prac. & Instr. § 13:04 (6th ed. 2015).

**JOINT INSTRUCTION NO. 14:**
**VOLUNTARINESS OF STATEMENT BY DEFENDANT**

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his or her treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**<u>Authority</u>**

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. § 1.25 (Feb. 7, 2025 ed.).

**JOINT INSTRUCTION NO. 15:**
**ACCOMPLICE—CO-PARTICIPANT—PLEA AGREEMENT**

The government called as a witness an alleged co-participant in the charged scheme, who was identified as a co-defendant in the Indictment. The government has entered into a plea agreement with this co-participant, providing for the dismissal of some charges and a recommendation of a lesser sentence than this participant might otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

An alleged co-participant, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged co-participant may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged co-participant, unless you believe that testimony supports a finding beyond a reasonable doubt as to each element beyond a reasonable doubt. The fact that a co-participant has entered a guilty plea to the offense charged is not evidence of the guilt of any other person. The witness's plea agreement may not be used to establish the guilt of either of these defendants. The fact that the co-participant pled guilty should only be used to assess the co-participant's credibility as a witness.

## **Authority**

STIPULATED. 10th Cir. Pattern Jury Instructions § 1.15 (Feb. 7, 2025 ed.)

**JOINT INSTRUCTION NO. 16:**
**MULTIPLE DEFENDANTS—MULTIPLE COUNTS**

A separate crime is charged against one or more of the defendants in each count of the Indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

**<u>Authority</u>**

STIPULATED.10th Cir. Pattern Jury Instructions § 1.12 (Feb. 7, 2025 ed.)

## PART II: ELEMENTS OF CRIMES CHARGED

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. Now I will explain the elements of the crimes with which the defendant is charged.

## JOINT INSTRUCTION NO. 17:
## CONSPIRACY

The defendants, Derrick Patrick Bernard, Jr., and Ashley Danielle Blackcloud, are each charged in Count 1 of the Indictment with conspiracy to use an instrumentality of interstate commerce to willfully make a threat or to maliciously convey false information, knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, or intimidate any individual by means of fire in violation of 18 U.S.C. § 844(e).

The law makes it a federal crime for any person to conspire to commit an offense against the United States. I will instruct you in a moment about the violation of 18 U.S.C. § 844(e), which is one such offense. You should refer to that instruction regarding the elements of that offense.

To find either defendant guilty of conspiracy, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to each defendant separately:

*First*:        The defendant agreed with at least one other person to commit an offense against the United States, namely a violation of 18 U.S.C. § 844(e),

*Second*:        one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

*Third:*        The defendant knew of the essential objectives of the conspiracy;

*Fourth*:        The defendant knowingly and voluntarily participated in the Conspiracy to (a) make the threat willfully or (b) convey the

false information about the threat maliciously; and

*Fifth*: There was interdependence among the members of the conspiracy. That is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

## **Authority**

STIPULATED. 10th Cir. Pattern Jury Instructions §§ 2.19 and 2.87 (Feb. 7, 2025 ed.)

## JOINT INSTRUCTION NO. 18
## CONSPIRACY — AGREEMENT & INTERDEPENDENCE DEFINED

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details.

Moreover, the government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

Conspiracy convictions may be based on circumstantial evidence, and you may infer conspiracy from the defendants' conduct and other circumstantial evidence indicating coordination and concert of action. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

If you are convinced that the charged conspiracy existed, then you must next determine whether a defendant was a member of that conspiracy, that is, whether that defendant knew at least the essential goals of the conspiracy and voluntarily

chose to be part of it. You must consider each defendant separately in this regard.

The law does not require proof that a defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A defendant's knowledge can be proved circumstantially or indirectly by facts and circumstances which lead to a conclusion that a defendant knew the conspiracy's main purpose.

A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that a defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

Interdependence is present if the activities of a defendant charged with conspiracy facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole. Interdependence is established when each coconspirators' actions are necessary to accomplish a common, illicit goal.

## Authority

STIPULATED 10th Cir. Pattern Jury Instructions § 2.87 (Feb. 7, 2025 ed.) (modified to exclude elements of 21 U.S.C. § 846 pertaining to a controlled substances

conspiracy); *see also* 6th Cir. Pattern Jury Instructions §§ 3.02, 3.30 (current through July 1, 2019); *United States v. Wardell*, 591 F.3d 1279, 1287 (10th Cir. 2009) (quotation marks and internal quotation marks omitted) (paragraph 4 and paragraph 7 of proposed instruction, respectively).

**JOINT INSTRUCTION NO. 19**
**CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNTS**

If you find either defendant guilty of conspiracy charged in Count One and you find beyond a reasonable doubt that another coconspirator committed a substantive offense charged in relation to Count Two during the time the defendant was a member of that conspiracy, and if you find that the offense in Count Two was committed to achieve an objective of or was a foreseeable consequence of the conspiracy, then you may find the defendant guilty of Count Two, even though the defendant may not have participated in any of the acts that constitute the offense described in Count Two.

### Authority

STIPULATED.10th Cir. Pattern Jury Instructions § 2.21 (Feb. 7, 2025 ed.)

# JOINT INSTRUCTION NO. 20
## ELEMENTS OF COUNT 2

The defendants, Derrick Patrick Bernard, Jr., and Ashley Danielle Blackcloud, are each charged in Count 2 of the Indictment with a violation of 18 U.S.C. § 844(e).

This law makes it a crime to use an instrumentality of interstate commerce to willfully make a threat, or maliciously convey false information knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure or intimidate any individual by means of fire.

To find either of the defendants guilty of the crime charged in Count Two you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to each defendant separately:

*First:*    the defendant (a) made a threat or (b) conveyed false information about a threat, knowing the information to be false;

*Second*:    the defendant (a) made the threat willfully or (b) conveyed the false information about the threat maliciously;

*Fourth*:    the threat or false information about a threat concerned an attempt or alleged attempt being made to kill, injure, or intimidate Candidate 1 by means of fire, and;

*Fourth*:    the defendant used an instrumentality of interstate commerce, such as the internet, email, or wifi, to communicate the threat or the false information about a threat.

The threat must be a true threat. A true threat is a serious expression conveying that a speaker means to commit an unlawful act of violence to a particular individual, as distinguished from political hyperbole, jest, or other statements that when taken in context do not convey a real possibility that violence will follow. Whether the speaker is aware of, and intends to convey, the threatening aspect of the message is not what part of what makes a statement a threat. The existence of a threat depends not on the mental state of the author, but on what the statement conveys to the person on the other end.

It is not necessary that the government show that the defendant intended to carry out the threat, nor is it necessary to prove that the defendant had the apparent ability to carry out the threat. But the government must prove beyond a reasonable doubt that the defendant willfully made a threat to Candidate 1, or maliciously conveyed false information about a threat to Candidate 1 knowing that the information was false, and meant the communication not as political hyperbole or political theater but as a statement conveying a real possibility that violence to Candidate 1 will follow.

STIPULATED

# JOINT INSTRUCTION NO. 21:
## AIDING AND ABETTING

Count 2 Each count of the indictment also charges a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt as to each defendant separately

*First*:　　　　every element of the crime charged in Count 2, as outlined in Instruction 18 was committed by someone other than the defendant, and

*Second*:　　　　the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding

and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**Authority**

STIPULATED.10th Cir. Pattern Jury Instructions § 2.06 (Feb. 7, 2025 ed.)

## JOINT INSTRUCTION NO. 22
## PROOF OF KNOWLEDGE OR INTENT; ACTIONS DONE MALICIOUSLY; WILLFULNESS

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of a defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if a defendant deliberately blinded him or herself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question unless the defendant did not actually believe the fact in question.

To act "maliciously" means to act with intent to vex, annoy, or injure another

or with an intent to do a wrongful act. A person acts maliciously when they act without justification or excuse to commit a wrongful act.

To act "willfully" means to knowingly perform an act with a bad purpose, deliberately and intentionally, as contrasted with accidentally, carelessly or unintentionally.

## Authority

STIPULATED. *See* Charge of the Hon. Christine M. Arguello Criminal at 27, *United States v. Luton*, 19-cr-00098-CMA (D. Colo. Feb. 13, 2020), ECF No. 103); 10th Cir. Pattern Jury Instructions § 1.37 (Feb. 7, 2025 ed.) (describing knowledge)

*United States v. Williams*, 690 f.3d 1056, 1064 (8th Cir. 2012) (defining maliciousness); BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "malice" as the intent, without justification or excuse, to commit a wrongful act."

10th Cir. Pattern Jury Instructions § 1.38 (Feb. 7, 2025 ed.) (citing and quoting from *Bryan v. United States*, 524 U.S. 184, 191 (1998), *United States v. Youts*, 229 F.3d 1312, 1315-16 (10th Cir. 2000); *United States v. Hilliard*, 31 F.3d 1509, 1517 n.5 (10th Cir. 1994).

## PART III: DELIBERATION AND JURY FORM

That concludes my part of the instructions explaining the law that applies in this case. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

## JOINT INSTRUCTION NO. 23:
## DUTY TO DELIBERATE

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are the judges – judges of the facts. You must

decide whether the government has proved the defendant guilty beyond a reasonable doubt.

The Court has prepared Verdict Forms for your convenience. They read as follows:

**[Explain the Verdict Form]**

After you have deliberated and consulted with each other, the foreperson will write the unanimous answer of the jury in response to each question on each Verdict Form.

Only one copy of each Verdict Form will be provided to you. If you make an error on either form, please tell the bailiff. The bailiff will destroy the erroneous form and a blank form will be provided.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the count to respond to your message. Under no circumstances should you reveal to me the numeral division of the jury.

## Authority

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.23 (2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

**JOINT INSTRUCTION NO. 24:**
**UNANIMITY OF THEORY**

Your verdict must be unanimous. Count Two of the indictment accuses the defendant of committing the following acts:

1. Willfully making a threat to kill, injure or intimidate by fire and

2. Maliciously conveying false information concerning a threat to kill, injure or intimidate by fire, knowing the information to be false;

The government does not have to prove each of these different acts for you to return a guilty verdict on count Two.

But in order to return a guilty verdict, all twelve of you must agree beyond a reasonable doubt on which of the two listed acts, if any, the defendant committed and that the defendant committed at least one of the two acts listed.

## **Authority**

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.24 (2025 ed.);

## JOINT INSTRUCTION NO. 25:
## COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

### **Authority**

STIPULATED. Pattern Crim. Jury Instr. 10th Cir. 1.44 (2025 ed.); Charge of the Honorable Regina M. Rodriguez, *United States v. Robinson*, 23-cr-00274-RMR, ECF No. 274 (March 21, 2024).

# PART IV:   THE INDICTMENT

[The defendants object to this instruction going back with, or being provided to, the jury].

## INSTRUCTION NO. 24:
## THE INDICTMENT

At all times relevant and material to this Indictment, unless otherwise indicated:

## COUNT 1

### Background

1.      Colorado Springs was the second largest city in Colorado. An election for mayor of the city was held on April 4, 2023.

2.      No mayoral candidate received a majority of the votes cast on April 4, 2023. A run-off election between the two leading candidates was scheduled for May 16, 2023. As relevant to the allegations in this Indictment, CANDIDATE 1 was Black and CANDIDATE 2 was white.

3.      DERRICK PATRICK BERNARD, JR., a/k/a "Phoenixx Ugrilla," ASHLEY DANIELLE BLACKCLOUD, a/k/a "Ashley Hernandez," a/k/a "Trinity Black Cloud" and DEANNA CRYSTAL WEST, a/k/a "Vital Sweetz," a/k/a "Sage West," were all residents of Colorado Springs, Colorado. Each was associated with a non-profit entity known as Family Flavors the Slide WBN ("FFTSWBN"), which maintained an office in Colorado Springs. FFTSWBN marketed itself as a minority-owned independent broadcasting and multi-media organization.

### The Conspiracy to Maliciously Spread Disinformation About a Cross Burning

4.     On or about and between April 5, 2023, and May 16, 2023, both dates being approximate and inclusive, the defendants DERRICK PATRICK BERNARD, JR., a/k/a "Phoenixx Ugrilla," ASHLEY DANIELLE BLACKCLOUD, a/k/a "Ashley Hernandez," a/k/a "Trinity Black Cloud" and DEANNA CRYSTAL WEST, a/k/a "Vital Sweetz," a/k/a "Sage West," did knowingly and voluntarily conspire and agree together and with each other to commit an offense against the laws of the United States namely, a violation of 18 U.S.C. § 844(e), through the use of instrumentalities of interstate commerce — the internet and email — and in and affecting interstate commerce by willfully making a threat and maliciously conveying false information knowing the same to be false concerning an alleged attempt being made to intimidate an individual, CANDIDATE 1, by means of fire in the form of a burning cross placed in front of a campaign sign for CANDIDATE 1 defaced with the word "nigger."

## The Purpose of the Conspiracy

5.     The purpose of the conspiracy was to use instrumentalities of interstate commerce to maliciously convey false information during an election about an alleged attempt to intimidate CANDIDATE 1 by means of the threat conveyed by a burning cross.

## The Manner and Means By Which the Conspiracy was Carried Out

6.     The interdependent manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, among other things, the following:

(a)     On or about April 5, 2023, the day after the mayoral election,

BERNARD texted BLACKCLOUD that he wanted to talk "in person" because he was "not talking on the phone bout nothing that's bout to happen" and that "Ima just talk to you bout a few plans."

(b)     On or about April 13, 2023 BERNARD sent a Facebook message to CANDIDATE 1: "I know it's crunch time sir but look . . . I spoke with some of my friends in other places and theirs [sic] a plot amidst . . . I'm mobilizing my squadron in defense and for the final push. Black ops style big brother. The klan cannot be allowed to run this city again."

(c)     On or about April 13, 2023 BERNARD sent a series of Facebook messages to BLACKCLOUD. Among other things, BERNARD told BLACKCLOUD "I can't let the klan retake the city," "[CANDIDATE 1] really won already. They doing some B's [sic] run off now bc they ain't tryna let an African win," and "I got a plan . . . ."

(d)     During the election, supporters of CANDIDATE 1 placed a campaign sign encouraging others to vote for CANDIDATE 1 in a grassy area on the northwest corner of the intersection of North Union Boulevard and East Fillmore Street, two of Colorado Springs's major traffic arteries. On or about April 23, 2023, between approximately 2:30 a.m. and 3:30 a.m. BERNARD, BLACKCLOUD, and WEST worked together to place a wooden cross in front of that campaign sign. Red spray paint, similar in kind to a can later found in the passenger compartment of BLACKCLOUD's car, was used to write the word "nigger" on the sign. The wooden cross was then set on fire. An iPhone 13 was used

to take a short video of the scene and to take a photograph, shown below.



(e)     On or about that same day, later in the evening on April 23, 2023, BLACKCLOUD and WEST worked together to send an email (hereinafter referred to as the Angiem11587 email) to, among others, local broadcast news outlets. Attached to the email was the above photograph and the video. Several

news organizations published news stories on the cross burning.

(f) On or about April 23, 2023 at approximately 7:30 p.m., BERNARD texted CANDIDATE 1: "I guarantee the finish" in response to a message about needing support to get to the "finish line" of the mayoral election.

(g) On or about April 25, 2023 BERNARD texted CANDIDATE 1: "Brother some foul stuff came up I'm [sic] our email. I'm not about to play with racist cowards brother."

(h) On or about April 26, 2023 at approximately 10:55 p.m., BERNARD spoke with CANDIDATE 1 for approximately 5 minutes via telephone.

(i) On or about May 16, 2023, CANDIDATE 1 won the run-off election for Mayor of Colorado Springs. BERNARD texted CANDIDATE 1 "sir . . . time upon us all, and we got you through it all brother," "Well done again . . . I have the info you requested before. Another time though, we'll handle business."

(j) On or about May 16, 2023 BERNARD texted BLACKCLOUD a link to apply for job positions with the city of Colorado Springs. He then told BLACKCLOUD "on backend I got a plan" and "I want favors quicker than later."

**Overt Acts in Furtherance of the Conspiracy**

7. In furtherance of the conspiracy's objective, acting interdependently, one or more of the conspirators committed one or more of the following acts in the State and District of Colorado:

(a) On or about April 23, 2023, between approximately 2:30 a.m. and 3:30 a.m., BERNARD, BLACKCLOUD and WEST travelled to the area around

the intersection of North Union Boulevard and East Fillmore Street.

(b)     On or about April 23, 2023, at approximately 3:52 a.m.
BLACKCLOUD used Instagram to send a message to WEST: "Hey did u get back
ok?"

(c)     On or about April 23, 2023, between approximately 1:53 p.m.
and 7:42 p.m., BLACKCLOUD researched online 15 of the 24 organizations that
received the Angiem11587 email and performed searches such as "kkk email,"
"contact news about a story," and "news colorado springs."

(d)     On or about April 23, 2023, between approximately 7:18 p.m.
and 7:24 p.m., WEST performed web searches such as "complaint letter against
racist acts" and "candidates racist acts during campaign."

(e)     On or about April 23, 2023, at approximately 7:24 p.m., WEST
used the internet to access a document entitled "Hate in Elections" with the subtitle
"How Racism and Bigotry Threaten Election Integrity in the United States" and
then copied the sections below into an email:

# Introduction

As the 2020 general election approaches, reported hate crimes across our country continue, spreading terror and distrust, as white supremacists are emboldened by hate-filled rhetoric coming from public leaders. Recent FBI data on hate crimes shows an increase in hate violence, with African Americans the most frequent victims of hate crimes.[1]

**A** Elections are becoming increasingly marred by bias-motivated attempts to intimidate, confuse or otherwise deter voters from casting their ballot and candidates from making their voice heard. Many times, harassment and intimidation tactics target voters and candidates based on categories and identities that receive special protections under federal and state law, such as race.

**C**

A **hate crime** is generally defined as a crime against a person or property that is motivated by bias, prejudice, or hatred toward the personal, or perceived personal, characteristics of a victim, including race, religion, disability, sexual orientation, ethnicity, gender, or gender identity.

A **hate incident** is based on the same behaviors and motivations as a hate crime, but does not rise to the level of a crime. For example, you may be a victim of hate speech, which, depending on the circumstances, may not constitute a crime (and may be protected under the First Amendment), but which may constitute a hate incident.[2]

**B** Hate crimes in the election context are unique compared to other crimes. Hate crimes are "messaging crimes"—meaning that the

**D**

> When hate crimes or hate incidents occur during elections, they can send a message that it is dangerous to vote and deter members of historically marginalized groups from participating in the democratic process.

target of any one hate crime is not just the direct victim, but also anyone who shares the victim's targeted identity, whether that be race, gender, sexual orientation, or another protected category. Perpetrators of hate crimes and hate incidents attempt to send a message that anyone who shares that victim's identity is unwelcome. When hate crimes or hate incidents occur during elections, they can send a message that it is dangerous to vote and deter members of historically marginalized groups from participating in the democratic process. By discouraging communities of color and others from voting, perpetrators of hate incidents attempt to stifle the voices of historically marginalized groups, resulting in skewed elections.

This report provides an overview of the relationship between hate incidents and elections. The report examines hate incidents in the 2018 midterm elections and other recent elections with the hope that, by better understanding hate in recent elections, candidates, voters, tech platforms, and other stakeholders can be better prepared for future elections, including the 2020 presidential election.

Section II of this report discusses relevant laws—including both criminal and civil laws at the federal and state levels, and legal frameworks in the hate crimes and voting rights contexts. Section III first takes a look at voter suppression and hate-motivated behavior perpetrated by election officials (e.g., poll workers) and, second, at hate incidents in the election context perpetrated by the general public, other voters or third parties. Section IV examines trends in bias-motivated voter suppression organized through online tools. Finally, the report includes resources, recommendations and best practices for voters, candidates, and the general public wishing to protect the right to engage in the electoral process free from hate and intimidation.

(f)     On or about April 23, 2023, at around 8:40 p.m., BLACKCLOUD and WEST drove to the parking lot of a large retail store in Colorado Springs. The free Wi-Fi at that store was then used to create the Gmail account "Angiem11587@gmail.com."

(g)     At approximately 9:01 p.m. on April 23, 2023, the email address Angiem11587@gmail.com sent an email to CANDIDATE 1's campaign, multiple media outlets, non-profit organizations, civic groups, Colorado government officials and an email account associated with FFTSWBN. The photograph above was attached to the email, along with a 4-second video file showing that the cross was actively on fire. The email contained the message below. Portions copied from the "Hate in Elections" document are highlighted:

To whom it will concern,

My family and I are completely outraged by the jesters made towards running candidate Yemi Mobalade. I'm a native here and I've seen a lot of racism in this city and I never thought that in 2023 we would be still be subjected to extreme acts. We were sent this footage today from an anonymous tip. The footage is hard to see and uncalled for. To my surprise and disgust it was a cross on fire in front of running candidate's sign for Mayor. Looking past the flames I see it's Yemi Mobalade's sign with the word sprayed painted across in red "NIGGER"! What has this city come to?!

As a resident in Colorado Springs this is disheartening to see today. Each year, elections are becoming increasingly marred by bias-motivated attempts to intimidate, confuse or otherwise deter voters from casting their ballot and candidates from making their voice heard. Many times, harassment and intimidation tactics target voters and candidates based on categories and identities that receive special protections under federal and state law, such as race. This is another one of their tactics to keep Yemi out. I see this time and time again. We must speak out!!

**A**

**B** Hate crimes in the election context are unique compared to other crimes. Hate crimes are "messaging crimes"—meaning that the hate crime is generally defined as a crime against a person or property that is motivated by bias, prejudice, or hatred toward the personal, or perceived personal, characteristics of a victim, including race, religion, disability, sexual orientation, ethnicity, gender, or gender identity.

**C**

A hate incident is based on the same behaviors and motivations as a hate crime, but does not rise to the level of a crime. For example, you may be a victim of hate speech, which, depending on the circumstances, may not constitute a crime (and may be protected under the First Amendment), but which may constitute a hate incident target of any one hate crime is not just the direct victim, but also anyone who shares the victim's targeted identity, whether that be race, gender, sexual orientation, or another protected category.

**D**

Perpetrators of hate crimes and hate incidents attempt to send a message that anyone who shares that victim's identity is unwelcome. When hate crimes or hate incidents occur during elections, they can send a message that it is dangerous to vote and deter members of historically marginalized groups from participating in the democratic process. By discouraging communities of color and others from voting, perpetrators of hate incidents attempt to stifle the voices of historically marginalized groups, resulting in skewed elections.

How are we going to stop this and stop these people from spreading hate crimes throughout the community? It's clear who's sending this message and the people of this city need to know!! Candidate Wayne Williams is pushing hard to win this candidacy and I'm completely appalled by how his following and members are carrying out this nonsense. I'm sending this email and footage to all broadcasting networks and organizations so they can see what they're doing towards Yemi Mobalade's campaign. We have to come together and unity to stop the hate crimes and acts to detour citizens from voting.

I'm asking that you share this information to the masses to help STOP these acts throughout our city.

-Citizens of Colorado Springs

      (h)     On or about April 23, 2023, at approximately 9:04 p.m.,

BLACKCLOUD texted BERNARD "Ok bby" and "We going back now."

      (i)     On or about April 25, 2023 between approximately 3:30 p.m. and

4:00 p.m., WEST travelled to the parking lot of a large retail store in Colorado Springs to use its publicly-available free Wi-Fi to check the Angiem11587 email account for responses to the email that had been sent on April 23, 2023.

(j)     On or about April 25, 2023, at approximately 7:56 p.m. BERNARD used Facebook Messenger to send BLACKCLOUD a link to a local broadcast news report on the cross burning.

(k)     On or about April 25, 2023, at approximately 7:56 p.m. BERNARD   texted BLACKCLOUD: "Look at ya messenger ASAP" and "we got traction."

(l)     On or about April 25, 2023 at approximately 7:57 p.m., BLACKCLOUD responded to BERNARD via text message: "Bing bong" and "Yep it's up."

(m)     On or about April 25, 2023, at approximately 8:02 p.m., BLACKCLOUD responded to BERNARD via Facebook messenger: "Last night @ 10pm. I bet it was on the 10o clock news" and "shits wild."

(n)     On or about April 25, 2023 at approximately 8:59 p.m., WEST responded to a Facebook post about the cross burning on the FFTSWBN Facebook page:

 **Vital Sweetz**
This is completely uncalled for, I'm disgusted at this. 
1y    Like    Reply

(o)     On or about April 25, 2023, at approximately 8:21 p.m.,

BERNARD posted the following to his personal Facebook page in response to the FFTSWBN Facebook post about the cross burning:



(p)     On or about April 25, 2023, at approximately 8:22 p.m. BERNARD sent a Facebook Message to BLACKCLOUD stating "we lit!!!"

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

8.      On or about April 23, 2023, in the State and District of Colorado the defendants DERRICK PATRICK BERNARD, JR., a/k/a "Phoenixx Ugrilla," ASHLEY DANIELLE BLACKCLOUD, a/k/a "Ashley Hernandez," a/k/a "Trinity Black Cloud" and DEANNA CRYSTAL WEST, a/k/a "Vital Sweetz," a/k/a "Sage West," through the use of instrumentalities of interstate commerce — the internet and email — and in and affecting interstate commerce did willfully make a threat and maliciously convey false information knowing the same to be false concerning an alleged attempt being made to intimidate an individual, CANDIDATE 1, by means of fire in the form of a burning cross placed in front of a campaign sign for CANDIDATE 1 defaced with the word "nigger."

All in violation of Title 18, United States, Sections 844(e) and 2.

<u>**JOINT PROPOSED VERDICT FORM**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**The Honorable Regina M. Rodriguez**

Criminal Case No.    24-cr-00320-RMR

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.   DERRICK PATRICK BERNARD, JR. and

    2.   ASHLEY DANIELLE BLACKCLOUD,

     Defendants.

---

**VERDICT FORM**

---

## <u>COUNT 1</u>

    We, the jury, upon our oaths, do unanimously find the defendant, DERRICK PATRICK BERNARD, JR.

       \_\_\_\_\_     Not Guilty

       \_\_\_\_\_     Guilty

of the offense charged in Count 1 of the Indictment: Conspiracy.

## <u>COUNT 2</u>

    We, the jury, upon our oaths, do unanimously find the defendant, DERRICK PATRICK BERNARD, JR.

_____ Not Guilty

_____ Guilty

of the offense charged in Count 2 of the Indictment: using an instrumentality of interstate commerce to willfully make a threat or to maliciously convey false information, knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, or intimidate any individual by means of fire.

## COUNT 1

We, the jury, upon our oaths, do unanimously find the defendant, ASHLEY DANIELLE BLACKCLOUD

_____        Not Guilty

_____        Guilty

of the offense charged in Count 1 of the Indictment: Conspiracy.

## COUNT 2

We, the jury, upon our oaths, do unanimously find the defendant, ASHLEY DANIELLE BLACKCLOUD

_____        Not Guilty

_____        Guilty

of the offense charged in Count 2 of the Indictment: using an instrumentality of interstate commerce to willfully make a threat or to maliciously convey false information, knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, or intimidate any individual by means of fire.

_____

FOREPERSON